**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Fazal Rahman, | No. CV-05-3010-PHX-DGC |
| Plaintiff, | |
| vs. | **ORDER** |
| Mike Johanns, Secretary, U.S. Department of Agriculture, | |
| Defendant. | |

Pending before the Court are Defendant's motion to dismiss or transfer the case and motion to strike. Docs. #18, 23. Also pending before the Court is Plaintiff's motion for default judgment. Doc. #16. For the reasons set forth below, the Court will deny Plaintiff's motion for default judgment, grant Defendant's motion to strike, and grant Defendant's motion to dismiss or transfer. The case will be transferred to the District of Columbia.

**I.    Background.**

On September 30, 2005, Fazal Rahman, appearing pro se, filed a complaint challenging the settlement agreement reached in the class action *Basu v. United States Department of Agriculture*, EEOC #100-A1-7863X, Agency No. 000190 ("Settlement Agreement"). Doc. #1. The Settlement Agreement subsumed Rahman's individual employment discrimination claim against the United States Department of Agriculture ("USDA"). Doc. #18 at 3. Rahman objected to the settlement agreement and appealed to the Equal Employment Opportunity Commission ("EEOC"). *Id.* The EEOC reviewed and affirmed the administrative judge's finding of a fair and reasonable settlement agreement,

denied Rahman's request for reconsideration, and advised Rahman that he could file a civil action in an appropriate United States District Court. Doc. #18 at 3.

On January 3, 2006, Defendant filed a motion to dismiss the case for lack of venue or to transfer the case to a proper venue under 42 U.S.C. § 2000e-5(f)(3). Doc. #18. On January 12, 2006, Plaintiff filed a response to the motion to dismiss or transfer. Doc. #19.

Plaintiff submitted two additional documents, filed on February 22, 2006 and March 7, 2006, containing, respectively, a copy of an email and copies of letters written by the president of the USDA Coalition of Minority Employees to officers of the USDA. Docs. #20, 21. Plaintiff filed a supplemental response to Defendant's motion to dismiss or transfer on March 14, 2006. Doc. #22. Defendant moves to strike the documents and the supplemental response. Doc. #23.

**II.     Plaintiff's Motion for Default Judgment.**

Plaintiff moves for default judgment because Defendant failed to file an answer or other response to the complaint within sixty days of being served. *See* Fed.R.Civ.P. 12(a)(1)(B). The answer or other response to the complaint was due December 2, 2005. On December 1, 2005, the Court granted Defendant an extension of time to file an answer or other response. Doc. #14. Plaintiff's motion for default judgment will be denied because the Court granted the extension before the sixty days had expired.

**III.    Defendant's Motion to Strike.**

In the District of Arizona, Local Rule 7.2 governs the form of motions filed in this Court. The rule additionally provides that a party shall have ten days after a motion is served to file a responsive memorandum and that the moving party is entitled to file a reply memorandum. LRCiv. 7.2(c)-(d). No additional filings are authorized unless otherwise ordered by the court. *Lazarescu v. Arizona State University,* 230 F.R.D. 596, 600 (D.Ariz. 2005).

"Pro se litigants must follow the same rules of procedure that govern other litigants." *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986); *see also Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are

2

1 bound by the rules of procedure."). In *Turney v. Choa*, a pro se litigant filed a document
2 which did "not comply with any of [the] Court's rules regarding motions, in fact, it [was]
3 nearly impossible for the Court to ascertain whether the document [was] some kind of
4 motion, or merely an attempt to place exhibits into the record prior to trial." No. CV-05-
5 2730, 2006 WL 1312531 at *1 (D.Ariz. 2006).  The document, "in any event, [did] not
6 appear to be relevant to the issues" before the court. *Id.* at *2.  The court granted the
7 defendant's motion to strike the document and instructed the pro se litigant that he may re-
8 submit the exhibits at an appropriate time and in an appropriate manner. *Id.*

9       In *Lazarescu*, a pro se litigant filed a timely response to the defendant's motion to
10 dismiss and then later filed an additional response. 230 F.R.D. at 598. The plaintiff did not
11 request, and the court did not grant, leave to file an additional response. *Id.* at 600.  The
12 court struck the pro se litigant's additional response from the record because the filing was
13 not valid under LRCiv 7.2(c). *See id.*

14       In this case, Defendant moves to strike Documents #20, 21, and 22 because they are
15 not permitted by LRCiv 7.2. Doc. #23. Plaintiff states that the exhibits in Documents #20
16 and 21 are "important contextual evidence" supporting his case. Doc. #21. The documents,
17 however, only regard allegations of general discriminatory actions of the USDA and do not
18 mention the Settlement Agreement or address the issues in Defendant's motion to dismiss or
19 transfer. *See* Docs. #20, 21. As in *Turney*, Documents #20 and 21 "do not appear to be
20 relevant" to the issues before the Court and do not comply with LRCiv 7.2. *See Turney*, 2006
21 WL 1312531 at *2 ("The Plaintiff should not be filing documents disclosed in routine
22 discovery with this Court, and now is certainly not the time to submit exhibits for trial.")
23 Documents #20 and 21 will be stricken without prejudice.

24       As in *Lazarescu*, Plaintiff filed a timely response to the Defendant's motion, but he
25 did not request leave to file an additional response. Plaintiff's supplemental response is not
26 a valid filing because LRCiv 7.2(c) provides for only one responsive memorandum.
27 Accordingly, Defendant's motion to strike will be granted.
28

3

## IV. Defendant's Motion to Dismiss or Transfer.

Defendant also moves, pursuant to Federal Rule of Civil Procedure 12(b)(3) and 42 U.S.C. 2000e-5(f)(3), to dismiss the case without prejudice or to transfer the case to a proper venue. Doc. #18.

The general venue provisions of 28 U.S.C. § 1391 govern in civil actions "except as otherwise provided by law." 28 U.S.C. § 1391(b); *see also Johnson v. Payless Drug Stores Nw., Inc.*, 950 F.2d 586, 587 (9th Cir. 1991). Title VII of the Civil Rights Act of 1964 "provides that '[the] provisions of section 2000e-5(f) through (k) of this title, as applicable, shall govern' employment discrimination actions." *Id.* (quoting 42 U.S.C. § 2000e-16(d)). The venue provision of Title VII provides as follows:

> [A]n action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, . . . [or] within the judicial district in which the respondent has his principal office.

42 U.S.C. 2000e-5(f)(3).

Plaintiff's complaint alleges discrimination and unfairness in the Settlement Agreement. *See* Doc. #1. Venue would be appropriate in the District of Columbia because the USDA officials who negotiated and executed the Settlement Agreement are employed in Washington, D.C., the Settlement Agreement appeals are filed and responses are drafted in Washington, D.C., and those responsible for implementation of the Settlement Agreement are employed in Washington, D.C. *See* Doc. #18 at 5. In addition, the employment records relevant to the to the non-selections at issue are maintained in Washington, D.C. *Id.*

Plaintiff contends that because the class action Settlement Agreement concerns class members from every state, a suit against the Settlement Agreement can be filed anywhere a plaintiff lives. Doc. #19 at 2. Plaintiff further contends that the District of Arizona is a proper venue because the relief offer of the Settlement Agreement was made to him when he was an Arizona resident. *Id.* at 3. The Court finds that this conclusion would undermine the intent of 42 U.S.C. 2000e-5(f)(3) which "seek[s] to 'limit venue to the judicial district

4

1  concerned with the alleged discrimination.'" *Passantino v. Johnson & Johnson Consumer*
2  *Prods., Inc.*, 212 F.3d 493, 504 (9th Cir. 2000) (quoting *Stebbins v. State Farm Mut. Auto*
3  *Ins. Co.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969)).

4  Although Plaintiff's right to file an action in district court was granted in respect to the
5  Settlement Agreement, Plaintiff also included his individual employment discrimination
6  claims in his complaint. *See* Doc. #1 Ex. 2. Even if Plaintiff's individual claims may be
7  reviewed, venue would still not be proper in the District of Arizona. Doc. #18 at 5. The
8  alleged unlawful practices underlying Plaintiff's individual complaint were committed in
9  Washington, D.C., and all records relevant to the action are maintained and administered in
10 Washington, D.C. *Id.* at 5-6. In addition, Plaintiff would have worked in the Northern
11 District of California or in the District of Maryland but for the alleged unlawful employment
12 practices. *Id.* at 6.

13 Plaintiff contends that the District of Arizona is proper because he has demanded a
14 job in any state he chooses upon prevailing in his claim. Doc. #19 at 3. The venue provision
15 of Title VII, however, deems venue proper only where the plaintiff would have worked "but
16 for the alleged unlawful employment practice," and not where the plaintiff might work if he
17 prevails in the action. *See* 42 U.S.C. § 2000e-5(f)(3).

18 Plaintiff additionally contends that venue is proper in Arizona because in August 2004
19 his individual and class action complaints were decided by an EEOC Administrative Judge
20 in Arizona. Doc. #19 at 3. Plaintiff cites no authority that supports this proposition.

21 The Court finds that venue for this action in the District of Arizona is improper under
22 42 U.S.C. § 2000e-5(f)(3) for the reasons stated above. Plaintiff claims that transferring this
23 case to another district would violate "due process" and "make it practically impossible" for
24 him to pursue this action. *See* Doc. #19 at 4. Appropriate venues in which Plaintiff can bring
25 suit, however, are limited by 42 U.S.C. § 2000e-5(f)(3) because Title VII is the very statute
26 which gives him a right of action. *See* 42 U.S.C. § 2000e-5(f)(1); *see also Johnson*, 950 F.2d
27 at 587. There is no due process violation in transferring the case because Arizona is not a
28 proper venue by statute.

A federal court generally has discretion whether to dismiss or to transfer the case, but 28 U.S.C. § 1406(a) requires a transfer in cases where it is in the "interest of justice." *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d. Cir. 1993) ("Whether dismissal or transfer is appropriate lies within the sound discretion of the district court."). Because the 90 days given by the EEOC for Plaintiff to file an action in an appropriate district court have passed, the Court will transfer this action, in the interest of justice, to the United States District Court for the District Columbia. *See id.* at 1027 (transferring a pro se Title VII case to a proper court because the action could not be re-filed if dismissed).

**IT IS ORDERED:**

1. Plaintiff's motion for default judgment, Doc. #16, is **denied**.
2. Defendant's motion to strike, Doc. #23, is **granted**.
3. The Clerk of the Court shall **strike** documents #20, 21, and 22 docketed respectively as "Other Notice," "Memorandum," and "Supplement."
4. Defendant's motion to dismiss or transfer to appropriate venue is **granted**.
5. The Clerk of the Court shall transfer this action to the United States District Court for the District of Columbia.

DATED this 21st day of June, 2006.

David G. Campbell
United States District Judge